UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            File No.  1:04-CV-749

v.

                                            HON. ROBERT HOLMES BELL

JOHN H. DETAR, ANN W. DETAR,
JOSEPHINE E. DETAR, EDWARD G.
DETAR and SHARON L. HYRE,

        Defendants.
                                         /

**O P I N I O N**

The matters before this Court are Defendant John H. DeTar's ("DeTar") motion to dismiss and DeTar's petition for replacement appointment of public defender. In 1986, in the District Court of Nevada a jury convicted DeTar of willful tax evasion. *United States v. DeTar,* 832 F.2d 1110 (9th Cir. 1986). The Ninth Circuit Court of Appeals reversed and remanded the case back to the district court, where DeTar was convicted of willful failure to pay taxes, the lesser included offense. *Id*. at 1113, Exhibit 1 attached to Plaintiff's Brief (Docket # 22). On July 31, 1990, judgment was entered in favor of the United States in the District Court of Nevada in the amount of $63,033.34 for DeTar's unpaid income tax liabilities. In this case, the United States is seeking to foreclose the liens against DeTar under 26 U.S.C. § 6321 and to establish that the DeTar Children's Trust is the nominee of DeTar.

For the following reasons, DeTar's motion to dismiss and petition for replacement appointment of public defender are denied.

## I.

A motion pursuant to FED. R. CIV. P. 12(b)(6), motion to dismiss, tests whether a complaint "state[s] a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This standard requires that "a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001) (quoting *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000)). In reviewing a complaint, the Court must "view the complaint in the light most favorable to the plaintiff, treat all well-pleaded allegations therein as true." *Amini v. Oberlin Coll.*, 259 F.3d 493, 497 (6th Cir. 2001). Finally, the motion will be granted if "the plaintiff 'can prove no set of facts in support of the claims that would entitle him to relief.'" *Id.* (quoting *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

## II.

DeTar wrongfully claims the motion for dismissal should be granted based upon the principle of stare decisis.

> "The doctrine of stare decisis makes a decision on a point of law in one case a binding precedent in future cases in the same court, and such courts as owe obedience to the decision, until such time as the effect of the decision is nullified in some fashion: reversed, vacated, or disapproved by a superior court, overruled by the court that made it, or rendered irrelevant by changes in the positive law."

*Gregory Constr. Co. v. Blanchard*, 691 F. Supp. 17, 21 (W.D. Mich. 1988) (Bell, J.) (citing 1B *Moore's Federal Practice*, ¶ 0.402{2}, pp. 25-27), *aff'd*, 879 F.2d 864 (6th Cir. 1989) (table). DeTar reasons the Nevada District Court created binding precedent when that court convicted him of the criminal action of willful failure to pay taxes, the lesser included offense. DeTar then claims that stare decisis binds this Court to follow the precedent established in the criminal trial. DeTar's reliance upon stare decisis is misplaced. Stare decisis has no application to this case. DeTar has not directed the Court to any previous decision of this Court, the Sixth Circuit, or the Supreme Court of the United States which would provide a rule of law precluding the prosecution of this civil action. Thus, the motion to dismiss because of stare decisis is denied.

### III.

Although unclear, DeTar appears to argue the motion to dismiss should be granted under the doctrine of res judicata, or claim preclusion, because the previous criminal case and this current civil case are allegedly re-litigating the same issues. Claim preclusion in Michigan has the following elements: (1) the first action must have resulted in a decision based on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been raised in the first action through reasonable diligence of the parties; and (3) both actions must be between the same parties, or their privies. *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 747 (6th Cir. 2002). The case may be dismissed if all elements are established.

3

Here, the elements of claim preclusion are not established. While the same two parties are involved, the actions are different. In the criminal trial, DeTar faced criminal sanctions. In this civil action, DeTar faces foreclosure on liens. *United States v. DeTar*, Case No. 1:04-CV-749 (W.D. Mich. 2004) (Docket # 1). Because the cause of actions are different, the elements needed for claim preclusion are not satisfied. *Traficant v. Commisioner*, 884 F.2d 258, 262 (6th Cir. 1989). Thus, the motion to dismiss by way of claim preclusion is denied.

## IV.

DeTar also appears to argue the motion to dismiss should be granted under the doctrine of collateral estoppel, or issue preclusion, because the criminal trial allegedly decided the issue of whether DeTar created the trust for use as a nominee. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). DeTar must show all of the following elements for issue preclusion: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue must have been actually litigated and decided in the prior action; (3) the issue must have been necessary and essential to a judgment on the merits in the prior litigation; and (4) the party to be estopped was a party to the prior litigation or in privity with such a party.

4

*Hickman v. Commissioner*, 183 F.3d 535, 537 (6th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979).

Here, DeTar fails to prove the elements of issue preclusion. DeTar argues his conviction of the lesser charge in his criminal trial decided the issue of the alleged creation of the trust as a nominee because the criminal court did not convict him of willful tax evasion. This reasoning, however, is faulty because the burden of proof is different in civil and criminal trials. *Helvering v. Mitchell*, 303 U.S. 391, 403 (1938). The reversal of DeTar's conviction for tax evasion in his criminal trial simply meant that the government did not prove its case beyond a reasonable doubt. *Id*. Further, evidence relating to the trust presented in the criminal case was not necessary and essential to the judgment against DeTar. DeTar was convicted of willful failure to pay taxes under 26 U.S.C. § 7203. The elements of this crime are: (1), willfulness and (2) failure to pay the tax when due. *See, e.g. Sansone v. United States*, 380 U.S. 343, 351 (1965). Therefore, the motion to dismiss is denied because DeTar cannot prove the elements of issue preclusion. Accordingly, DeTar's motion to dismiss fails and is denied.

## V.

DeTar has also filed a petition requesting a replacement appointment of public defender. The Sixth Amendment, however, does not create a right to representation in civil cases. *Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir. 1983).

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining

> whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." This generally involves a determination of the "complexity of the factual and legal issues involved." Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim.

*Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Here, DeTar fails to show that his circumstances qualify as being "exceptional." This case is a civil case, clearly not an extension of DeTar's criminal case. Thus, appointment of counsel by the court is a privilege and not a right. DeTar has not alleged, nor has the Court found, any exceptional circumstances in this case that would merit appointment of counsel. Because DeTar's case lacks exceptional circumstances and because there is no constitutional right to court-appointed counsel in civil cases, DeTar's petition for replacement appointment of public defender is denied.

In conclusion, DeTar's motion to dismiss and petition for replacement appointment of public defender are both denied.

Date:     July 19, 2005             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE